[ *385 ]   *BLOODGOOD *vs.* FAXON & BARNES, impleaded, &c.

'In a joint action against the maker and endorser of a promissory note, which by the evidence of of the maker, called as a witness for the endorser, is proved to be usurious, the plaintiff, although he cannot recover against both defendants, is entitled to a verdict against the maker whose evidence cannot benefit himself.

Nor can he recover against *both defendants*, or *either* of them, where the declaration contains only the *money counts*, upon a promissory note, the consideration of the usurious note, where one of the defendants is maker and the other endorser of the former note, if a copy of such former note be not appended to the declaration.

THIS was an action of *assumpsit*, tried at the Erie circuit in July, 1839, before the Hon. NATHAN DAYTON, one of the circuit judges.

The suit was commenced against C. Faxon, R. T. Kelly and J. Barnes. The declaration not having been served on *Kelly*, the plaintiff elected to sever the suit and to proceed against *Faxon* and *Barnes* alone. The declaration contained only the money counts, but appended to it was the copy of a promissory note bearing date 21st February, 1837, made by *Faxon*, for $871,03, payable three months after date to the order of *Kelly*, at the Mechanic's and Farmers' Bank, Albany. On the trial of the cause the note, of which a copy was given, was produced. It was signed by Faxon as maker, and endorsed by Kelly and by Barnes, and at maturity was protested for non-payment and notice of protest given. On the part of the defence it was proved that the note produced was given in renewal of a former note, dated 19th November, 1836, for the same amount, made by Faxon and endorsed by Kelly and Barnes. *Faxon*, called as a witness for *Barnes*, proved that the note of 21st February was accepted by the plaintiff on an *usurious consideration*. The plaintiff requested the judge to charge the jury, that though they should be of opinion that the note of 21st February was usurious, still the plaintiff was entitled to recover against *Faxon* and *Barnes* the amount of the note of 19th November, which was given on a good consideration, and *that at all events he was entitled to recover on such note against *Faxon*, the maker thereof. The judge ruled that

[ *386 ]

Albany, October, 1840.—Bloodgood v. Faxon.

the plaintiff was not entitled to recover against *either* of the defendants on that note. To which decision the plaintiff excepted. The jury found a verdict for the defendants. The plaintiff moved for a new trial.

*J. Van Buren*, for the plaintiff

, for the defendants.

*By the Court*, NELSON, Ch. J. The learned judge was right in refusing a recovery against either of the defendants on the note of 19th November.

Under the statute allowing a joint suit against the maker and endorser, the recovery may be joint, or several, but in either case it must be confined to the bill of exchange or note of which a copy was given with the declaration. The suit is a creature of the statute, which expressly restricts the proceedings to such instrument. 2 *R. S.* 274, § 6, 7. Without it, the plaintiff would be bound to prove a joint indebtedness against all the defendants. He must recover against all or none. The act has qualified this rule in suits against maker and endorser, but only in cases where that relation exists between the defendants in respect to the subject matter of the suit, and a copy of the instrument given. Beyond such a case the plaintiff cannot sever the defendants. He would conflict with the familiar rule above stated.

, I agree, he may recover against all independently of the statute, upon his common counts, if he prove a *joint indebtedness*. But he must stand upon the statute if he expects to succeed only against a part of the defendants.

In this case, however, the judge should have directed a verdict against *Faxon*. There was no valid defence to the note declared on as to him. He proved the usury as a witness for Barnes. His testimony cannot benefit himself.

New trial granted as to Faxon; costs to abide the event.